**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    Case No. 3:20-cr-158-MMH-MCR-1

VERSHAUN LAMAR PUZIE

_____/

## ORDER

Defendant Vershaun Lamar Puzie is serving a 120-month term of imprisonment for two counts of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). (Doc. 63, Judgment.)[1] This case is before the Court on Puzie's "Motion to File a Notice of Appeal/ Motion to Dismiss Count Two," filed on January 26, 2023. (Doc. 66, "Motion.")[2]

In the Motion, Puzie requests that the Court allow him to file an out-of-time direct appeal because he instructed his attorney to file a notice of appeal and his attorney failed to do so. Motion at 1–2. Puzie also argues that the Court "committed plain error" by accepting his guilty plea to Count Two of the Indictment because the factual basis did not support a conviction for possession of a firearm in furtherance of a drug trafficking crime. Id. at 2–4. Puzie asserts

---

[1]     The Court entered Judgment on August 8, 2022. Id. Puzie did not file a notice of appeal. As a result, his conviction and sentence became final on August 22, 2022, when time expired to file a notice of appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).

[2]     See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

that he is actually innocent of Count Two and that his attorney was ineffective for allowing him to plead guilty to the offense. Id.

To the extent Puzie requests an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4) ("Rule(s)"), the Motion must be denied. Rule 4(b)(4) provides that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). The time prescribed by Rule 4(b) for Puzie to file a notice of appeal expired on August 22, 2022—14 days after the Court entered Judgment (Doc. 63). Rule 4(b)(4) prohibits the Court from extending the time to file a notice of appeal beyond September 21, 2022, or "30 days from the expiration of the time otherwise prescribed by … Rule 4(b)." Fed. R. App. P. 4(b)(4). Because Puzie did not file the Motion until January 26, 2023, the Court cannot grant him an extension of time to file a notice of appeal.

Puzie is a pro se litigant in federal custody under this Court's Judgment. "Under well-settled principles in this circuit, pro se applications for post-conviction relief are to be liberally construed." United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (citations omitted). In general, a motion to vacate under 28 U.S.C. § 2255 is the exclusive remedy for a person in federal custody who wishes to challenge the lawfulness of his conviction or sentence. See id.

("Because Brown was in custody within the meaning of § 2255 when he filed his petition in the district court, … § 2255 was his exclusive remedy."); see also McCarthan v. Dir. of Goodwill Indus.– Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection."). A motion to vacate under § 2255 is also the appropriate vehicle to seek an out-of-time direct appeal based on a lawyer's failure to file a timely notice of appeal. See United States v. Phillips, 225 F.3d 1198, 1199–1201 (11th Cir. 2000) (prescribing the procedure for reopening the time to file a direct appeal after a district court grants § 2255 relief on a claim that a lawyer was ineffective for not filing a notice of appeal). Because Puzie is in custody within the meaning of § 2255(a), and because he challenges the lawfulness of his conviction and sentence and seeks to reopen the time to file a direct appeal based on his lawyer's ineffectiveness, the Motion is best construed as a motion to vacate, set aside, or correct sentence under § 2255.

However, before the Court reconstrues the Motion as a § 2255 motion, the Court must issue certain warnings required by Castro v. United States, 540 U.S. 375 (2003).

> The Supreme Court held in Castro that when a district court recharacterizes a pro se motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant

3

that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims.

<u>Figuereo-Sanchez v. United States</u>, 678 F.3d 1203, 1206 (11th Cir. 2012) (citing

<u>Castro</u>, 540 U.S. at 383).

The Court now cautions Puzie that it intends to recharacterize his Motion to File a Notice of Appeal/ Motion to Dismiss Count Two as a motion to vacate sentence under 28 U.S.C. § 2255. If the Court recharacterizes the Motion as a § 2255 motion, any subsequent § 2255 motion he may later file would be subject to § 2255(h)'s restrictions on second or successive motions to vacate, meaning he would have to obtain permission from the Eleventh Circuit Court of Appeals before filing. If Puzie does not want the Motion to be construed as a § 2255 motion, he may withdraw it. If Puzie wishes to proceed under § 2255, he may proceed on the Motion as it is, or he may amend it to include all available § 2255 claims. The Court provides further instructions below.

Accordingly, it is hereby **ORDERED**:

1. To the extent Puzie moves to extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4), the Motion (Doc. 66) is **DENIED**.

2. The Court intends to recharacterize the Motion to File Notice of Appeal/ Motion to Dismiss Count Two (Doc. 66) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court warns Puzie that

if the Court recharacterizes the filing as a § 2255 motion, doing so will trigger § 2255(h)'s restrictions on second or successive motions to vacate.

3. If Puzie does not want the Motion to be reconstrued as a § 2255 motion, he may withdraw it. If Puzie does wish to proceed under § 2255, he may amend his Motion to include all available § 2255 claims. If Puzie amends his Motion to include all available § 2255 claims, he should use the enclosed § 2255 form (AO Form 243).

4. No later than **June 1, 2023**, Puzie must do one of the following: (a) notify the Court that he wishes to withdraw the Motion (Doc. 66), (b) notify the Court that he wishes to proceed under § 2255 with his current claims, or (c) amend his motion, using the enclosed § 2255 form, to include any § 2255 claims he wishes to raise. Failure to respond in accordance with these instructions by the above deadline may result in dismissal of the Motion without prejudice for failure to prosecute.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of April, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc 19

<u>Copies</u>:
Parties and counsel of record

Encl:
AO Form 243 (§ 2255 form)